2010], *lv dismissed in part, denied in part,* 15 NY3d 944 [2010]). Accordingly, since there was no "actual breach" of the contracts of sale, plaintiffs may not maintain a claim for tortious interference with contract against Zane (*see NBT Bancorp v Fleet/ Norstar Fin. Group,* 87 NY2d 614, 620-621 [1996]; *Ulysses,* 75 AD3d at 991-992).

We note that plaintiffs' only other claim against Zane, for injunctive relief in the form of an order preventing him from interference with the closing, was mooted by the fact that the closing has occurred. Concur—Andrias, J.P., Friedman, De-Grasse, Manzanet-Daniels and Gische, JJ.

In the Matter of WILLIAM H. DEPPERMAN, Petitioner, v BARBARA R. KAPNICK, Respondent. [957 NYS2d 261]

Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.

In the Matter of WILLIAM H. DEPPERMAN, Petitioner, v BARBARA R. KAPNICK, Respondent. [957 NYS2d 261]

Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.

(December 13, 2012)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN Q. COAXUM, Appellant. [957 NYS2d 261]

Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.